IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, | ) |
| | ) Civil Action No. 14 – 27J |
| Plaintiff, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| GERALD L. ROZUM, *et al*., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff has filed a "Motion for Alternative Service for Postage" wherein he states that he is unable to afford photocopies of his Complaint for service on the 16 defendants. He requests that the Court "intervene" and instruct SCI-Albion officials to allow him to exceed his $10.00 indigent monthly allotment so that he can go further into debt in order to make the copies. He states that he will send three copies of his Complaint each month until all copies have been received.

Plaintiff's Complaint with exhibits totals 279 pages. While the Court appreciates the fact that Plaintiff did not ask that the Court to make copies for him, which the Court would not do anyway,[1] the Court will not order SCI-Albion to allow Plaintiff to exceed his monthly indigent allotment. The federal courts are not overseers of the day-to-day management of prisons. *See*

---

[1] The Court will not provide Plaintiff copies. *See, e.g.*, Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) (There is no provision in the [IFP] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses and no other statue authorizes the court to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.") To photocopy Plaintiff's Complaint for each defendant would require 4,464 pages.

1

Wolff v. McDonnell, 418 U.S. 539, 566 (1974). This would include the management of Plaintiff's prison account for the reason requested.

Furthermore, the Court will not leave this case pending in limbo for five months until all copies have been received. If Plaintiff cannot make photocopies of his Complaint for each defendant, then he is advised to make hand copies for each defendant and/or consider whether he wants to sue each of the defendants named and/or whether it is necessary to file a 279 page complaint[2] . *See*, *e.g.*, Holly v. True, No. 92 C 1636, 1992 WL 159318, at *3 (N.D. Ill. July 1, 2002) ("The court denies Holly's motion to submit his complaint without copies. If Holly wants to sue twenty-eight defendants, he must provide the court with sufficient copies of his complaint in order to effect service. If Holly finds this task difficult, he should seriously consider whether he wants to sue each of the defendants he has named. One of the purposes of requiring even *pro se* litigants to provide service copies is to cause them to focus their efforts against those individuals truly responsible for the deprivations alleged in the complaint."). If Plaintiff makes hand copies then they must be identical.

It is Plaintiff's responsibility to provide sufficient copies. If he does not do so within sixty days then the undersigned will recommend dismissal of this action for failure to prosecute and/or failure to obey a court order. No extension will be granted. Plaintiff has been so warned. Accordingly,

**IT IS HEREBY ORDERED** this 19th day of March, 2014, that Plaintiff's "Motion for Alternative Service for Postage" is **DENIED**.

.

---

[2] One suggestion is for Plaintiff to file an amended complaint, omitting the exhibits, and file the exhibits as a supplement after all defendants have been served. That way he will only have to provide one copy of the exhibits to the Clerk for filing and the defendants can be served electronically.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Ronald Banks
DZ-5843
S.C.I. Albion
10745 Route 18
Albion, PA 16475-0002