# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, | ) |
|                 Plaintiff, | ) Civil Action No. 14 – 27J<br>)<br>) Chief District Judge Joy Flowers Conti |
|                v. | ) Magistrate Judge Lisa Pupo Lenihan<br>) |
| GERALD L. ROZUM, *et al*., | )<br>) |
|                 Defendants. | ) |

## **MEMORANDUM OPINION**

Ronald Banks ("Plaintiff") initiated this action on February 13, 2014 by submitting for filing a Motion for Leave to Proceed *in forma pauperis* ("IFP"), accompanied by a Prisoner Civil Rights Complaint ("complaint") filed pursuant to 42 U.S.C. § 1983. In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Local Rule of Court 72.C and 72.D, all pretrial matters were referred to a United States Magistrate Judge.

Plaintiff was granted IFP status on March 5, 2014, and his eighty-seven page complaint was docketed that same day. (ECF Nos. 2, 3.) On May 21, 2014, defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 32.) Plaintiff responded to their motion on June 27, 2014. (ECF Nos. 35, 36.) After consideration of the twenty-five page motion, and opposition thereto, the magistrate judge filed a Report and Recommendation on December 12, 2014, recommending that defendants' motion be granted and that Plaintiff's complaint be dismissed with prejudice (ECF No. 37). The parties were ordered to file written objections to the Report and Recommendation no later than December 29, 2015. Plaintiff twice

1

moved for an extension of time to file his objections and both motions were granted, making the final deadline for objections February 20, 2015. Plaintiff filed timely objections on February 20, 2015. (ECF No. 41.)

Plaintiff's objections consist of eighty-seven pages,[1] and they are almost a complete recitation of the factual allegations he made in his eighty-seven page complaint, and the arguments he made in opposition to the motion to dismiss. A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." United States v. Walters, 638 F.2d 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in Thomas v. Arn, 474 U.S. 170 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate judge's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." Id. at 147 (footnote omitted).

While Plaintiff's objections are hardly more than a disagreement with the magistrate judge's suggested resolution, some will be discussed.

First, Plaintiff repeatedly argues that the magistrate judge did not review or analyze his claims in the context of every United States Constitutional violation he alleged. Plaintiff, however, must realize that the facts and circumstances underlying his complaint simply do not support claims for relief pursuant to every right given to him under federal law. In this case, the magistrate judge extensively reviewed each of Plaintiff's numerous claims under the appropriate legal standards.

---

[1] The Report and Recommendation was twenty-eight pages.

Second, Plaintiff complains that the magistrate judge did not liberally construe his complaint because she did not state in the standard of review that *pro se* plaintiffs are entitled to liberal construction of the factual allegations in their complaint. He claims that no matter how "inartfully pleaded, [*pro se* filings] must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). Not including this language in the standard of review does not mean that the magistrate judge applied the incorrect standard to Plaintiff's *pro se* complaint. From a reading of the Report and Recommendation in its entirety, it is clear that the Magistrate Judge, who is learned in the law and deals with an extraordinarily high number of *pro se* prisoner civil rights complaints, applied the correct standard of deference accorded to *pro se* filings. Even reading the complaint de novo with the most liberality possible, this court must conclude that Plaintiff is not able to state a plausible claim for relief under the pleading standards annunciated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 570 (2007). See Iqbal, 556 U.S. at 678. ("[A] *pro se* complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

Third, there are several claims Plaintiff did not raise in his objections. These claims include Plaintiff's allegations relating to the loss of his prison job, the denial of his personal hygiene items, and the denial of protective equipment when performing his job. The Third Circuit Court of Appeals has generally held that failing to object to a Report and Recommendation in a civil proceeding may result in forfeiture of de novo review at the district court level, but does not forfeit the statutory right to appellate review under other standards. Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir.), cert. denied, 484 U.S. 837 (1987). Because Plaintiff did not file objections to the Report and Recommendation contesting these

claims, the court need not apply a de novo standard of review to them. Instead, it will exercise its discretion to dismiss those claims with prejudice.

Fourth, Plaintiff complains that the magistrate judge erred in recommending dismissal of his conspiracy claim. However, "'liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability or the underlying tort.'" Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2007) (quoting Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983). Because Plaintiff failed to state a claim for an underlying constitutional violation, the magistrate judge did not err in recommending dismissal of Plaintiff's conspiracy claim.

Fifth, Plaintiff asserts that the magistrate judge erred in recommending that his supervisory liability claims be dismissed because the supervisors were aware of a pattern and practice of unconstitutional abuse, but did nothing to address it. That argument is unavailing. Supervisory liability necessarily depends on the existence of an underlying constitutional violation. "A claim for municipal or supervisory liability is entirely derivative of the underlying constitutional violation. Where a plaintiff cannot prove that his constitutional rights were violated, he cannot bring a viable . . . supervisory liability claim under § 1983." Wisneski v. Denning, Civil Action No. 12-684, 2014 WL 1758118, at *24 (Apr. 30, 2014). Plaintiff did not state a claim for constitutional violations. Under those circumstances he cannot state a supervisory liability claim. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); Munoz v. City of Union City, 481 F. App'x 760 (3d Cir. 2012).

Sixth, Plaintiff complains that the magistrate judge was callous. He asserts that the Report and Recommendation suggests that prisoners are "less than human" because certain activity that is tolerated inside institutional facilities would not be tolerated outside the

institutional setting. The court respectfully disagrees with Plaintiff's assessment. Penal interests of institutional security and internal order and discipline are restrictions or privations which inhere in confinement itself which are justified by the necessities of jail administration. See Bell v. Wolfish, 441 U.S. 520, 544-48 (1979). The Supreme Court in Bell, recognized that, while convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison, those rights may be subject to restrictions and limitations. Id. at 540. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). "The fact of confinement as well as the legitimate goals and policies of the penal institution limits these restrained constitutional rights. Bell, 441 U.S. at 546 (citing Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125 (1977); Pell v. Procunier, 417 U.S. 817, 822 (1974)). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Bell, 441 U.S. at 546. The United States Supreme Court has held that "even when an institutional restriction infringes a specific constitutional guarantee . . . the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Id. at 547 (citing decisions).

Seventh, Plaintiff complains that the magistrate judge recommended dismissal of his complaint with prejudice without recommending that he be given a chance to amend to attempt to state a claim. The Third Circuit Court of Appeals requires that district courts permit a curative amendment by the plaintiff in a civil rights case brought under § 1983 before dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6), irrespective of whether it is requested,

unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

The Federal Rules of Civil Procedure do not require that a complaint describe alleged wrongdoing with any particularity, see FED.R.CIV.P. 8(a) (requiring only a "short and plain statement of the claim"), but where a plaintiff's complaint pleads facts beyond the requirements of Rule 8, his claim may be subject to dismissal if the specific facts alleged fail to provide relief under any viable legal theory. Camero v. Kostos, 253 F.Supp. 331, 338 (D.N.J. 1996) (granting motion to dismiss where plaintiff's complaint pled facts demonstrating defendant was subject to immunity).

Plaintiff's complaint fails to state a claim upon which relief can be granted, and given the extremely detailed nature of his eighty-seven-page complaint, his opportunity to review the Report and Recommendation and the eighty-seven pages of objections to the Report and Recommendation, in which he did not refer to sufficient facts to plausibly support a claim, the court cannot envision any additional factual allegations that Plaintiff could add to sufficiently state a claim. A careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his *pro se* status, fails to state any claims under § 1983 for which relief may be granted and that any attempt to amend on his part would be futile. Under those circumstances, dismissal with prejudice is appropriate.

The court labored over every page of Plaintiff's objections, but finds that the objections do not support or show any error in the Report and Recommendation. The Report and Recommendation is thorough and correct. Therefore, after reviewing the pleadings and

documents in this case, together with the Report and Recommendation and the objections thereto, the Report and Recommendation, as supplemented by this memorandum opinion, will be adopted by this court, the motion to dismiss will be granted, the complaint will be dismissed with prejudice and a certificate of appealability will be denied. An appropriate order will be entered.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: March 13, 2015

cc: Ronald Banks
    DZ-5843
    S.C.I. Albion
    10745 Route 18
    Albion, PA 16475-0002